FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMY R., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY[1], <br><br> Defendant. | No. 2:23-CV-00078-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER |

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 7, 9. Attorney Chad Hatfield represents Amy R. (Plaintiff); Special Assistant United States Frederick Phipps represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 2.

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . 1

After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff filed an application for benefits on July 8, 2019, alleging disability since January 28, 2019. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Marie Palachuk held a hearing on March 2, 2022, and issued an unfavorable decision on March 18, 2022. Tr. 21-31. The Appeals Council denied review on January 17, 2023. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on March 19, 2023. ECF No. 1.

## II.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at

1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV. ADMINISTRATIVE FINDINGS

On March 18, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 21-31.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 28, 2019. Tr. 23.

At **step two**, the ALJ determined Plaintiff had the following severe impairments: hereditary hemochromatosis; migraines; vertigo; asthma; status-post nephrectomy; obesity (BMI 35); mild anxiety; and mild depression.  Tr. 23.

At **step three**, the ALJ found these impairments did not meet or equal the requirements of a listed impairment.  Tr. 24.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following additional limitations:

> [S]he can never climb ladders, ropes or scaffolds; avoid concentrated exposure to respiratory irritants; avoid all exposure to industrial noise (moderate noise such as in an office environment is ok); avoid all exposure to industrial vibration and hazards such as unprotected heights and dangerous moving machinery; avoid very bright lights (defined as light brighter than office florescent lights); able to understand, remember and carry out simple, routine tasks; able to maintain attention, concentration and persistence on said tasks for two-hour intervals between regularly scheduled breaks; able to adapt to routine changes; brief, superficial interaction with the public and coworkers.

Tr. 25.

At **step four**, the ALJ found Plaintiff could not perform past relevant work.  Tr. 29.

At **step five**, the ALJ found there are jobs that exist in significant numbers in the national economy that the claimant could perform, to include housekeeping cleaner, fast foods worker, and cashier.  Tr. 30.

The ALJ thus concluded Plaintiff was not disabled from the alleged onset date through the date of the decision.  Tr. 31.

//
//
//
//

## V.     ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ improperly evaluated the medical opinion evidence; (B) whether the ALJ erred by discounting Plaintiff's testimony; (C) whether the ALJ erred by discounting the lay witness testimony; (D) whether the ALJ erred at step three; and (E) whether the ALJ erred at steps four and five.  ECF No. 7 at 7.

## VI.     DISCUSSION

A.     **Medical Evidence.**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff contends the ALJ erroneously discounted the opinion of Rahul Khurana, M.D.  ECF No. 7 at 10-14.  As discussed below, the Court agrees.  Dr. Khurana examined Plaintiff on June 10, 2020, conducting a clinical interview and performing a mental status evaluation.  Tr. 457-62.  Dr. Khurana assessed Plaintiff's prognosis as "poor to fair at best," and opined, among other things, that Plaintiff's "[w]ork-related judgments and ability to carry out more complex instructions are markedly to severely impaired," "sustained concentration [and] persistence" are severely impaired, and "social interactions (with public, supervisors, or coworkers" are moderately to markedly impaired.  Tr. 461-62.  Dr. Khurana also opined Plaintiff would have "marked difficulty responding to

changes in a work routine." Tr. 462. Dr. Khurana concluded that he believed "the complexity [and] severity of her medical [and] psychiatric illnesses make[] it unrealistic for patient to ever work again in any meaningful, long term capacity." *Id*. The ALJ found this opinion "unpersuasive." Tr. 29.

The ALJ first discounted the opinion as based on a "one-time examination," reasoning that other doctors "had the benefit of reviewing more of the record." Tr. 29. This ground is legally erroneous, as there is no requirement examining doctors who perform one evaluation – and necessarily assess functioning at the time of the evaluation – review treatment notes. *See, e.g.*, *Walshe v. Barnhart*, 70 F. App'x 929, 931 (9th Cir. 2003) (stating "Social Security regulations do not require that a consulting physician review all of the claimant's background records"); *Xiomara F. v. Comm'r of Soc. Sec.*, 2020 WL 2731023, at *2 (W.D. Wash. May 26, 2020) ("There is no requirement an examining doctor review records prior to rendering an opinion."); *Chlarson v. Berryhill*, No., 2017 WL 4355908, at *3 (W.D. Wash. July 28, 2017) ("[N]ot reviewing plaintiff's prior medical records is not a legitimate basis for the failure to credit fully Dr. Czysz's opinion, as Dr. Czysz examined plaintiff and performed a MSE[.]"), *report and recommendation adopted*, 2017 WL 3641907 (W.D. Wash. Aug. 24, 2017); *Al-Mirzah v. Colvin*, 2015 WL 457800, at *8 (W.D. Wash. Feb. 3, 2015) ("This rationale, taken to its logical extreme, would allow for the rejection of any and all medical opinions rendered prior to the admission of the claimant's most recent treatment notes into the administrative record."). The ALJ thus erred by discounting the opinion on this ground.

The ALJ next seemingly discounted the opinion as based on an examination "performed in a secondary gain context." Tr. 29. The Commissioner notably does not defend this finding, which, on its own view of the record, the Court rejects as unsupported. *See, e.g.*, Tr. 461 (Dr. Khurana concluding "[t]here is no evidence of

malingering"); Tr. 462 (Dr. Khurana assessing Plaintiff's self-report as "reliable"). The ALJ thus erred by discounting the opinion on this ground.

Third, the ALJ discounted the opinion as inconsistent with the doctor's own "largely unremarkable" mental status examination and other "benign mental status findings." Tr. 29. These are not reasonable inconsistencies. Plaintiff's performance during clinical interviews – conducted in close and sterile settings with psychiatric professionals – is not reasonably inconsistent with the doctor's opined limitations concerning Plaintiff's ability to, among other things, concentrate, persist, socially interact, and respond to changes in a work setting. *Cf. Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). The ALJ thus erred by discounting the opinion on this ground.

Fourth, the ALJ discounted the opinion as inconsistent with Plaintiff's "lack of ongoing mental health treatment/complaints." Tr. 29. Notably, in support of the ALJ's finding, the Commissioner merely rescripts it: "Dr. Khurana's opinion was entirely inconsistent with …. Plaintiff's lack of ongoing mental health treatment/complaints." ECF No. 9 at 8. The finding is erroneous for two reasons. First, as to Plaintiff's lack of mental health treatment, the Ninth Circuit has long made clear that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)). Further, Dr. Khurana noted Plaintiff "has not had good response thus far to treatment including medications." Tr. 461. And second, as to Plaintiff's lack of mental health complaints, Dr. Khurana explicitly

ORDER GRANTING PLAINTIFF'S MOTION . . . 7

observed Plaintiff "actually tends to minimize some symptoms." Tr. 461. The ALJ thus erred by discounting the opinion on this ground.

Finally, the ALJ discounted the opinion as inconsistent with "the assessments of the DDS psychologists and Dr. McCain[.]" Tr. 29. The ALJ merely noted these doctors "had the benefit of reviewing more of the record," Tr. 29, and did not otherwise explain how or why their opinions were inconsistent with Dr. Khurana's or point to any evidence undermining Dr. Khurana's opinion.[2] This was error. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (noting ALJs err when they "assert[] without explanation that another medical opinion is more persuasive, or criticiz[e] it with boilerplate language that fails to offer a substantive basis for [their] conclusion.") (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)); *Reddick*, 157 F.3d at 725. Further, the reviewing court need not comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ thus erred by discounting the opinion on this ground.

Accordingly, the ALJ erred by discounting Dr. Khurana's opinion.

### B.   Plaintiff's Testimony.

Plaintiff contends the ALJ erroneously discounted her testimony. ECF No. 12 at 18-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

---

[2] In defense of this finding, the Commissioner, again, merely rescripts the language of the ALJ's decision. ECF No. 9 at 8-9.

ORDER GRANTING PLAINTIFF'S MOTION . . . 8

The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony. The ALJ discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 26-28. However, because the ALJ erred in assessing Dr. Khurana's opinion, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

C. **Lay Witness Testimony.**

An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Plaintiff argues the ALJ erred by discounting her husband's testimony. ECF No. 7 at 19-20.

As with Plaintiff's testimony, the ALJ discounted Plaintiff's husband's statements as inconsistent with the medical record. Tr. 29. Because the ALJ misevaluated the medical evidence, as discussed above, the ALJ erroneously discounted the lay witness testimony on this ground.

## VII.   CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence, Plaintiff's testimony, and the lay witness testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence, Plaintiff's testimony, and the lay witness testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

ORDER GRANTING PLAINTIFF'S MOTION . . . 9

Because the ALJ misevaluated the medical evidence, Plaintiff's testimony, and the lay witness testimony, the ALJ will necessarily need to make new step three findings, which were based on the ALJ's evaluation of both medical and testimonial evidence, and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error concerning the other steps of the sequential evaluation process. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall develop the record, as needed; reevaluate the opinion of Dr. Khurana; reassess Plaintiff's testimony and the lay witness testimony; and reevaluate the steps of the sequential evaluation, as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 7**, is **GRANTED**.
2. Defendant's motion to affirm, **ECF No. 9**, is **DENIED**.
3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED March 29, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE